UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE YORK GROUP, INC., MILSO INDUSTRIES CORPORATION, and MATTHEWS INTERNATIONAL CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT PONTONE and BATESVILLE CASKET COMPANY, INC., <br><br> Defendants. | CIVIL ACTION NO: 2:10-cv-01078-JFC <br><br> HON. JOY FLOWERS CONTI |

## AMENDED STIPULATED PROTECTIVE ORDER

This lawsuit involves competitive issues and allegations of misuse of confidential information. Accordingly, Plaintiffs the York Group, Inc., Milso Industries Corporation, and Matthews International Corporation, and Defendants Scott Pontone and Batesville Casket Company, Inc., hereby move the Court to enter this Amended Stipulated Protective Order (the "Stipulated Protective Order") in order to facilitate discovery. This Stipulated Protective Order is necessary to preserve and maintain the confidentiality of certain limited confidential and proprietary information that may be disclosed or obtained by the parties in the course of discovery. This Stipulated Protective Order is also necessary to preserve and maintain the confidentiality of certain limited personal, private information

(such as financial information) regarding Defendant Scott Pontone and nonparties which may be disclosed or obtained by the parties in the course of discovery.

Thus, IT IS HEREBY ORDERED THAT:

PURPOSE AND SCOPE:

1. This Stipulated Protective Order is necessary to preserve legitimate interests in confidentiality and proprietary interests of sources of information and establishes a procedure for disclosing confidential information to the parties in this litigation, imposes obligations on persons receiving confidential information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

2. This Stipulated Protective Order shall govern the disclosure and use of "Confidential" information and documents and "Attorneys Eyes Only" information and documents, as defined in Paragraph 5, produced in connection with this litigation (collectively, "Protected Material"). All information which is – or has been – produced or discovered in this litigation, regardless of whether designated "Confidential" or "Attorneys' Eyes Only," shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Stipulated Protective Order. The measures designated by the parties in this Stipulated Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

3. This Stipulated Protective Order is intended to preserve and maintain confidential and proprietary business information of the parties – specifically,

customer information (including names and addresses and contact information); customer sales history, account information, and preferences; company sales information; company pricing, rebates, discounts, plans, strategies, trade secret, research, marketing, production, and costs information; and other company information not known to the general public – the disclosure of which could cause injury or damage to the parties. This Stipulated Protective Order is also intended to preserve and protect any confidential and proprietary business information that may be discovered or produced through the inspection of any party's electronic data, regardless of where stored, including through the inspection of any personal or business computer by any party's expert. This Stipulated Protective Order may also pertain to additional records of a proprietary nature which will be specifically designated by the disclosing party as they are determined by that party to fall within the protections of this Stipulated Protective Order.

**DESIGNATING PROTECTED MATERIAL:**

4. Any information and documents produced subject to the terms of this Stipulated Protective Order shall be considered either "Confidential" or "Attorneys' Eyes Only" and shall be given confidential treatment as described below. All documents produced subject to this Stipulated Protective Order shall be designated or stamped "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

5. As used herein, the following definitions shall apply:

    (a) "Confidential Information" or "Confidential" means any information or documents (regardless whether in electronic or hard copy format) that:

(i) is personal or private or confidential information relating to Pontone and/or employees, managers, or agents of Batesville or Plaintiffs, such as personal financial information, social security numbers, personal medical information; and,

(b) "Attorneys Eyes Only Information" or "Attorneys Eyes Only" means any information or documents (regardless whether in electronic or hard copy format) that:

(i) is deemed proprietary business information including but not limited to customer names, addresses and contact information; customer sales history, account information, and preferences; company sales information; company pricing, rebates, discounts, plans, strategies, trade secrets, research, marketing, production, and costs information; and such other information or documents not known to the general public; and,

(ii) all electronic data, information or documents retrieved from a party's electronic storage devices/computers during any inspection of those electronic storage devices/computers will be considered "Attorneys Eyes Only" during the inspection and subsequent to the inspection only until that party's counsel has reviewed the data, information or documents retrieved during that inspection such that counsel may appropriately designate the data, information, or documents as "Confidential" or "Attorneys Eyes Only." Counsel for the party whose electronic information has been inspected shall promptly review and designate any data, information, or documents afforded protection pursuant to this Stipulated Protective Order.

6. A party or non-party shall designate all Protected Material disclosed during any deposition in this matter as CONFIDENTIAL or ATTORNEY EYES ONLY by notifying all parties during the deposition of the specific pages and lines of the transcript which contain Protected Material. If a party or non-party asserts at the deposition that it intends to designate portions of the testimony as CONFIDENTIAL or ATTORNEYS EYES ONLY, but it is not practical to make

specific designations before the conclusion of the deposition, then the designating party shall have ten (10) days from its receipt of the transcript to provide written notice to the parties of the specific pages and lines of the transcript which contain Protected Material. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control. If the right to designate testimony following the deposition is invoked, all parties shall treat the entire transcript as subject to the level of protection requested by the designating party until the earlier of receipt of the notice of designations or expiration of the ten (10) day period following receipt of the transcript.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

7. Any challenge to a confidentiality designation shall be made within 30 days of receipt of such designation. Challenges may be made following the expiration of the 30 day period only upon a showing of good cause for the failure to bring a timely challenge.

8. A party challenging a confidentiality designation must request in writing that the designation be changed. The writing shall set forth the receiving party's basis for the challenge. The parties shall then meet and confer within 10 days of service of the written challenge in a good faith effort to resolve the challenge. If the parties are unable to resolve the challenge through the meet and confer, the challenging party may, within 10 days of the meet and confer, proceed to move the Court to resolve the dispute. Until the Court rules on the challenge, all

parties shall continue to afford the material in question the level of protection to which it would be entitled under the challenged designation.

**DISCLOSURE OF PROTECTED INFORMATION:**

9. Protected Material shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned litigation. Except as provided for in this Stipulated Protective Order, the parties shall keep all Protected Material from all persons except as provided for by the terms of Stipulated Protective Order.

10. Neither the receiving party, its counsel, nor its representatives shall disclose documents designated as CONFIDENTIAL as defined by paragraph 5(a) herein, other than to the following persons (hereinafter referred to as "Qualified Persons - Confidential"):

> (a) Designated representatives of Batesville assigned to and necessary to assist counsel in the defense of this litigation, who expressly agree to comply with the terms of this Stipulated Protective Order, and whose identity(ies) are first disclosed to the party that produced the subject Protected Material;
>
> (b) Batesville's designated counsel of record in this action and employees of Batesville's counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation for trial of this action;
>
> (c) Pontone;
>
> (d) Pontone's designated counsel of record in this action and employees of Pontone's counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation for trial of this action;

(e) Designated representatives of Plaintiffs assigned to and necessary to assist counsel in the prosecution of this litigation, who expressly agree to comply with the terms of this Stipulated Protective Order, and whose identity(ies) are first disclosed to the party that produced the subject Protected Material;

(f) Plaintiffs' designated counsel of record in this action and employees of Plaintiffs' counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this action;

(g) All attorneys for the parties in this action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, and other individuals specifically acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this action;

(h) Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific action; and

(i) Witnesses for each party provided that such witnesses expressly agree to comply with the terms of this Stipulated Protective Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL documents or information, but shall not be provided with copies of the CONFIDENTIAL documents or information.

(j) The Court (including any agent of the Court) and any court reporter used during depositions.

11. The parties and their designated representatives are precluded from sharing and/or disclosing CONFIDENTIAL information or documents to anyone other than a "Qualified Person – Confidential" as defined in Paragraph 10, herein. Accordingly, the parties and their designated representatives expressly agree to maintain the confidentiality associated with those documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than a "Qualified Person – Confidential" at any time

either during the pendency of this action or subsequent to the conclusion of the litigation.

12. Upon receipt of documents designated as ATTORNEYS EYES ONLY, as defined by paragraphs 5(b)(i) and (ii) herein, counsel for the receiving party shall not disclose such documents other than to the following persons (hereinafter referred to as "Qualified Persons – Attorneys Eyes Only"):

- (a) Batesville's designated counsel of record in this action and other attorneys at the firm of such counsel;

- (b) Pontone's designated counsel of record in this action and other attorneys at the firm of such counsel;

- (c) Plaintiffs' designated counsel of record in this action and other attorneys at the firm of such counsel;

- (d) In-house attorneys for Batesville and Plaintiffs;

- (e) Those individuals specifically acting at the direction of counsel identified in subparagraphs 12(a)-(d), and assigned to and necessary to assist such counsel in the preparation for trial of this action, including their assistants, associates, paralegals, clerks, stenographic personnel (such individuals shall not include Scott Pontone or employees of the parties not regularly assigned to the office of in-house counsel for the parties);

- (f) Independent experts and consultants retained by any party whose assistance is necessary for the preparation for trial of this specific action; and

- (g) The Court (including any agent of the Court) and any court reporter used during depositions.

13. Disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY information and documents shall be made to persons identified in Paragraphs 10 and 12 above, as applicable, only as necessary for this litigation, and, with respect to individuals identified in subparagraphs 10(a), (c), (e), (h) and (i) and 12(f), only

after the person to whom disclosure is made has been informed of this Stipulated Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Stipulated Protective Order as *Exhibit A – Acknowledgment.* The terms of this Stipulated Protective Order shall be explained to such persons by the persons disclosing the Protected Material. The executed acknowledgment shall be retained by counsel disclosing the Protected Material. Protected Material shall not be disclosed to any person in any manner not specified in this Protective Order.

14. To the extent a party seeks to use CONFIDENTIAL or ATTORNEYS EYES ONLY documents as exhibits or attachments to any filing with the Court in the above-captioned litigation, the party seeking to use such documents shall first request leave of Court to file such CONFIDENTIAL or ATTORNEYS EYES ONLY documents under seal. If such leave is granted, the party shall file the documents with the Court in sealed envelopes or other sealed containers that are prominently marked with the caption of the litigation, that identify each document and thing contained therein, and that bear a statement substantially in the following form:

[CONFIDENTIAL] [ATTORNEYS EYES ONLY]: SUBJECT TO PROTECTIVE ORDER

This envelope contains Confidential Information and is not to be opened, nor the contents hereof displayed or revealed, except by order of the Court.

If the Court does not grant leave to file the CONFIDENTIAL or ATTORNEYS EYES ONLY documents under seal, the parties shall promptly meet and confer in an effort to address how to preserve the confidential status of the documents.

15. The attorneys of record, where practicable, shall make reasonable efforts to redact Protected Material contained within documents produced under this protective order and file such redacted copies for the public record.

RIGHTS RESERVED:

16. By entering into this Stipulated Protective Order, the parties do not intend to waive any objections raised in response to discovery. Nor does this Stipulated Protective Order in any way obligate any party to produce any specific documents or records which a party deems inappropriate for production.

17. Nothing in this Stipulated Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner. If such request is challenged and the Court agrees with the challenging person or party and/or permits disclosure, the requesting party shall pay the reasonable attorney's fees incurred by the challenging person or party with respect to the challenge.

18. Nothing in this Stipulated Protective Order precludes or limits a party from viewing or disclosing its own Protected Material.

19. The agreement of the parties to this Stipulated Protective Order shall not be construed as an agreement or admission: (i) that any designated Protected Material is, in fact, confidential or proprietary; (ii) as to the correctness or truth of any allegation made or position taken relative to any designated Protected

Material; or (iii) with respect to the authenticity, competency, relevance or materiality of any designated Protected Material.

**MISCELLANEOUS:**

20. The use of CONFIDENTIAL or ATTORNEYS EYES ONLY documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

21. The attorneys of record are responsible for employing reasonable measures to control access to and distribution of Protected Material.

22. Upon the termination of this litigation, the provisions of this Stipulated Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

23. Upon written request by counsel for the disclosing party or person, the party, witness, consultant or expert having received any Protected Material subject to this Stipulated Protective Order shall return or destroy, at the option of the receiving party, such Protected Material at the close of this litigation, *provided that*, if the receiving party chooses to destroy the Protected Material, designated counsel of record for the receiving party shall provide the disclosing party with a certification of such destruction.

The parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Stipulated Protective

Respectfully submitted,

| | |
|---|---|
| Valeria Calafiore Healy<br>HEALY LLC<br>154 Grand Street<br>New York, NY 10013<br><br>*Counsel for Defendant Scott Pontone* | Thomas W. McGough, Jr.<br>Brian T. Himmel<br>REED SMITH LLP<br>Reed Smith Centre<br>225 Fifth Avenue<br>Pittsburgh, Pennsylvania 15222 |

/s/ John R. Maley

John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204

Kathleen M. Anderson
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802

*Counsel for Defendant Batesville Casket Company, Inc.*

Steven Cooper
Danielle J. Marlow
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022

*Counsel for Plaintiffs*

SO ORDERED this __4th__ day of __February, 2011__, ~~20XX~~

/s Joy Flowers Conti
HON. JOY FLOWERS CONTI

Respectfully submitted,

_____
Valeria Calafiore Healy
HEALY LLC
154 Grand Street
New York, NY 10013

*Counsel for Defendant Scott Pontone*


_____
John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204

Kathleen M. Anderson
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802

*Counsel for Defendant Batesville Casket Company, Inc.*

_____
Thomas W. McGough, Jr.
Brian T. Himmel
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222

Steven Cooper
Danielle J. Marlow
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022

*Counsel for Plaintiffs*


SO ORDERED this _____ day of _____, 2010.


_____
HON. JOY FLOWERS CONTI

Respectfully submitted,

| | |
|---|---|
| Valeria Calafiore Healy<br>HEALY LLC<br>154 Grand Street<br>New York, NY 10013<br><br>*Counsel for Defendant Scott Pontone* | Thomas W. McGough, Jr.<br>Brian T. Himmel<br>REED SMITH LLP<br>Reed Smith Centre<br>225 Fifth Avenue<br>Pittsburgh, Pennsylvania 15222 |

/s/ John R. Maley

John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204

Steven Cooper
Danielle J. Marlow
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022

*Counsel for Plaintiffs*

Kathleen M. Anderson
BARNES & THORNBURG LLP
600 One Summit Square
Fort Wayne, IN 46802

*Counsel for Defendant Batesville Casket Company, Inc.*

SO ORDERED this __4th__ day of __February, 2011__, ~~20__~~.

                                                   /s Joy Flowers Conti
                                                 HON. JOY FLOWERS CONTI

## EXHIBIT A - ACKNOWLEDGMENT

I, _____, have reviewed the stipulated protective order entered in the case of *The York Group, Inc., Milso Industries Corporation, and Matthews International Corporation v. Scott Pontone and Batesville Casket Company, Inc.,* Civil Action 2:10-cv-0178-JFC, and I agree to abide by the terms contained in it. I understand that all Confidential Information and Attorneys' Eyes Only Information shall not be disclosed pursuant to terms of this Stipulated Protective Order and that all such material must be returned to the producing party following the resolution of this case.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purpose of enforcing the terms of this Stipulated Protective Order.

Date:_____         Signed:_____