**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE YORK GROUP, INC., MILSO INDUSTRIES CORPORATION, and MATTHEWS INTERNATIONAL CORPORATION, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 10-1078 |
| SCOTT PONTONE, HARRY PONTONE, BATESVILLE CASKET COMPANY, INC., and PONTONE CASKET COMPANY, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION**

**I. Introduction**

On April 16, 2014, after nearly four years of contentious and burdensome litigation, this court scheduled the above-captioned case for a three-week trial to begin on December 1, 2014. On April 18, 2014, after a conference with the parties, the court issued an order setting the dates for exchange of expert reports and scheduling a process for resolving Daubert issues and a pretrial case management order setting forth the pertinent trial dates. (ECF No. 663.) Defendants Scott Pontone, Harry Pontone, Pontone Casket Company, LLC (together, the "Pontone defendants"), and Batesville Casket Company ("Batesville" and together with the Pontone defendants, "defendants") seek an *emergency* stay of the pretrial case management order arguing the court must—on an expedited basis—decide their pending motion to transfer prior to

scheduling trial in this case.[1] (ECF Nos. 658, 659.) Plaintiffs filed a response in opposition to the defendants' "emergency" motion pointing out, among other things, that in a motion (ECF No. 644) they specifically requested the court set a trial date at the April 16, 2014 conference, and arguing that there is no emergency in this case, defendants' motion is frivolous, and a stay of the court's scheduling order and expedited resolution of the motion to transfer are not warranted. (ECF No. 660.) The issues raised by the parties' submissions will be addressed below.

II. **"Emergency" Motion**

The issues presented by defendants in their "emergency" motion are not exigent. An emergency is defined as: "an unexpected and usually dangerous situation that calls for immediate action." Merriam-Webster's Online Dictionary, http://www.merriam-webster.com/dictionary/emergency (last visited on May 1, 2014); see also VMR Prods., LLC v. Elec. Cigarettes Outlet, LLC, Civ. Action No. 12-23092, 2013 WL 5567320, at *1-2 (S.D. Fla. Oct. 3, 2013) ("Emergencies generally involve risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or significant financial collapse, or cases where someone is at risk of being denied an essential service."). The scheduling of a date for trial in this matter, after nearly four years of contentious litigation and a request by the plaintiffs, does not create an unexpected or dangerous situation calling for immediate action by the court; indeed, trial is seven months away and the court will decide the motion to transfer in due course prior to ruling on any Daubert issues, motions in limine, or trial-related issues.

---

[1] On April 16, 2014, the Pontone defendants filed the emergency motion. (ECF No. 658.) On April 17, 2014, Batesville joined the emergency motion. (ECF No. 659.) On April 25, 2014, the Pontone defendants filed a reply to plaintiffs' response in opposition. (ECF No. 667.)

The parties should refrain from filing emergency motions that do not warrant immediate attention by the court. See Privitera v. Amber Hill Farm, L.L.C., Civ. Action 12-7-Oc-32TBS, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2012) ("Whenever someone files an 'emergency' motion the Court drops whatever it is working on to give the motion its full attention. Presumably, opposing counsel does the same thing. It is fundamentally wrong to characterize a matter as an emergency when it obviously is not an emergency. If this happens again, the movant should not be surprised if sanctions are imposed.").

### III. **Defendants' Request for a Stay and Expedited Resolution of the Motion to Transfer**

A court has discretion to stay a case if the interests of justice so require. United States v. Kordel, 397 U.S. 1, 12 n.27 (1970). In deciding whether to stay an action, the court must "weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Defendants' request for the stay of the pretrial case management order and expedited resolution of the motion to transfer is based upon their erroneous belief that the court's

> immediate entry of all pretrial and trial dates, appears to imply that the Court has already decided that it will preside over all remaining pretrial matters and over the trial of this case, even before having had the opportunity to consider the serious reasons set forth in the Motions to Transfer to New York, which unquestionably favor a transfer of the remainder of this action to New York.

(ECF No. 658 at 4.) As of the date of this opinion, however, the transfer motion has not been fully briefed, and the court has not made any decision with respect to that motion. Under those circumstances, the parties should not consider a scheduling order as indicative of the ultimate disposition of the transfer motion.

Defendants argue that according to McDonnell Douglas Corp. v. Polin, 429 F.2d 30, 30-31 (3d Cir. 1970), this court is required to stay the pretrial case management order to decide the motion to transfer, which it should do on an *expedited* basis. The procedural posture of Polin,

however, is distinguishable from the procedural posture of this case and does not support a stay of the pretrial case management order or the expedited resolution of the motion to transfer. In Polin, the district court *postponed* deciding the pending motion to transfer venue until the completion of the entirety of fact discovery, which included discovery on the transfer motion and discovery with respect to the merits of the case. Polin, 429 F.2d at 30. The court of appeals held that under those circumstances and in light of considerations of judicial economy, which "require[] that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected," the district court erred by postponing its decision on the motion to transfer until the conclusion of fact discovery. Id.

Here, the parties have been litigating this case for nearly four years, fact discovery concluded, and the court considered and decided the parties' motions for summary judgment, which included review of a voluminous record. There are nearly 700 entries on the court's docket relating to this case. This court, unlike the district court in Polin, has already been burdened by the merits of this action and has not *postponed* the resolution of the motion to transfer; indeed, the court will decide the motion in due course, being mindful of the trial schedule, and prior to ruling on any Daubert issues, motions in limine, or trial-related matters. While defendants have an interest in the resolution of the motion to transfer, that interest, in light of the age of this case and the court's interest in managing its caseload and calendar, is not sufficient to warrant a stay of the pretrial case management order and the expedited disposition of the motion to transfer. Defendants' accusations with respect to this court having formed an opinion about the motion to transfer without having reviewed the motion, furthermore, are unfounded and will not be tolerated by this court.

The court notes that this case has been difficult to manage because of, among other things, the schedules of counsel and the parties. See e.g., (H.T. 11/28/12 (ECF No. 442) at 23-35.) Conferences and hearings have been set and rescheduled to accommodate a counsel's personal schedule, resulting in delays. See e.g., (H.T. 12/13/12 (ECF No. 444) at 69-71.) In order to avoid that circumstance, knowing that expert discovery needs to be scheduled even if the case were to be transferred, the court deemed it prudent to have the parties reserve the dates for trial. If the case is transferred, there is no harm or waste of the court's or the parties' resources or time. This case will not benefit from further delays whether here or in another forum. Prudence dictates that the expert discovery proceed, the transfer motion be decided in due course, and in the event the case remains in this district, appropriate time is scheduled for a trial in as timely a fashion as possible. What is wasteful of the court's time and judicial resources is the time necessary to resolve a motion claiming to be an "emergency" when it is not. Disparaging comments about the court or any speculation about the outcome of the transfer motion are inappropriate, especially when the motion has not been fully briefed. No one's rights are adversely affected by the scheduling order entered.

Based upon the foregoing, defendants' emergency motion (ECF No. 658) will be **DENIED**. An appropriate order will be entered.

By the court:

Dated: May 2, 2014

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge