IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE YORK GROUP, INC., MILSO INDUSTRIES CORPORATION, and MATTHEWS INTERNATIONAL CORPORATION, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 10-1078 |
| SCOTT PONTONE, HARRY PONTONE, BATESVILLE CASKET COMPANY, INC., and PONTONE CASKET COMPANY, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OPINION**

**Conti, District Judge**

**I.      Introduction**

The instant action involves a business dispute between competitors engaged in the business of manufacturing and distributing caskets. In a memorandum opinion and order dated March 6, 2014, the court ruled on motions for summary judgment pertaining to several different claims and counterclaims. ECF Nos. 642-643. On April 3, 2014, defendant Batesville Casket Company, Inc. ("Batesville"), filed a motion for reconsideration with respect to three specific issues addressed in the memorandum opinion. ECF No. 647. Batesville's motion for reconsideration was accompanied by a motion for oral argument. For the reasons that follow, the motion for reconsideration and the motion for oral argument will both be denied.

**II.     Standard of Review**

Federal Rule of Civil Procedure 54(b) provides:

1

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). The plain language of Rule 54(b) provides a federal court with "general discretionary authority to review and revise interlocutory rulings" prior to the entry of a final judgment.[1] *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). "Because of the interest in finality, however, courts should grant motions for reconsideration sparingly." *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision [that] it has already made, rightly or wrongly." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998).

### III.  Discussion

In support of its motion for reconsideration, Batesville merely repeats arguments that were already considered and rejected. ECF No. 673. Having engaged in the painstaking task of evaluating the various claims asserted in this case and preparing a comprehensive, 81-page opinion to address them, the court will not repeat its reasons for denying Batesville's motion for

---

[1] Since no final judgment has been entered in this case, the motion for reconsideration filed by Batesville does not constitute "[a] motion to alter or amend a judgment" within the meaning of Federal Rule of Civil Procedure 59(e). *Pellicano v. Blue Cross Blue Shield Assoc.*, 540 F.App'x 95, 97 n.4 (3d Cir. 2013); FED. R. CIV. P. 59(e).

2

summary judgment with respect to the factual issues implicated by its motion for reconsideration. It suffices to say that those issues were already discussed in the memorandum opinion filed on March 6, 2014, and that further elaboration is unnecessary. ECF No. 642. In order to further clarify its reasoning, however, the court will briefly explain why Batesville's arguments are lacking in merit.

Plaintiffs Matthews International Corporation ("Matthews"), the York Group, Inc. ("York Group"), and Milso Industries Corporation ("Milso" and collectively with Matthews and York Group, "plaintiffs") allege that Batesville tortiously interfered with contractual relations existing between Scott Pontone ("Scott"), Harry Pontone ("Harry"), and plaintiffs. ECF No. 70 ¶¶ 166-73. The tortious interference claims are premised on assertions that Batesville induced Scott and Harry to violate restrictive covenants and confidentiality obligations contained in their respective employment contracts with plaintiffs. *Id.* ¶ 169. Plaintiffs maintain that Scott violated his employment contract by improperly inducing Josephine Pesce ("Pesce") to terminate her employment relationship with the York Group and/or Milso in order to accept a new position with Batesville. *Id.* ¶ 129. The tortious interference claims brought against Batesville are partially based on its alleged involvement in Scott's illicit recruitment scheme. Batesville's motion for summary judgment was denied with respect to those claims. ECF No. 642 at 33-35.

The parties previously agreed that, with respect to the tortious interference claims, no difference existed between the laws of Pennsylvania and New York. ECF No. 159 at 2-3. That concession obviated the need for a choice-of-law analysis. *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006)("If there is no conflict, then the district court sitting in diversity may refer interchangeably to the laws of the states whose laws potentially apply."). Relying primarily on *Cantor Fitzgerald Associates, L.P. v. Tradition North America, Inc.*, 749 N.Y.S.2d 249 (N.Y.

App. Div. 2002), Batesville argues that the court's prior decision is contrary to "binding precedent"[2] confirming that an "unhappy" employee cannot be "solicited" by someone acting at the behest of a competitor. ECF No. 648 at 2-3; ECF No. 673 at 2. In order to resolve Batesville's motion, the court will assume *arguendo* that the relevant legal issues are governed by the law of New York.

Contrary to Batesville's suggestion, *Cantor Fitzgerald* does not draw a bright line between "happy" and "unhappy" employees in the context of improper "solicitations." *Cator Fitzgerald* merely held that, under the particular factual circumstances, the plaintiff could not establish that the defendant's alleged interference had *proximately caused* the employees' breaches of their respective employment contracts. *Cantor Fitzgerald*, 749 N.Y.S.2d at 249. The relevant factual circumstances are not even apparent from the decision, which discusses the evidentiary record in a single paragraph. *Id.* Nothing in *Cantor Fitzgerald* indicates that the plaintiffs in this case must prove that Pesce was "happy" or "satisfied" with her prior job in order to hold Batesville liable for inducing Scott's alleged breach of the anti-solicitation provision contained in his employment contract with the York Group. Furthermore, the plain language of Scott's employment agreement prohibited him from "attempt[ing] to solicit or induce *any employee*" of the York Group or Milso "to leave either company." ECF No. 28-3 at 4 (emphasis added). The applicable contractual language was not limited to employees who were subjectively "happy" or "satisfied." By focusing solely on Pesce's subjective apprehension about her future employment status, Batesville conflates evidence relating to the issue of causation with the issue of causation itself. *Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d

---

[2] It is worth noting that federal courts sitting in diversity are not automatically bound by decisions rendered by state intermediate appellate courts. *Comm'r of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967); *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 361 (3d Cir. 2007).

173, 178 (3d Cir. 1997). The court has already explained why the evidence pertaining to Pesce's state of mind does not entitle Batesville to a judgment as a matter of law.[3] ECF No. 642 at 21-24.

Batesville contends that the record contains no "admissible" evidence from which a reasonable trier of fact could infer that Batesville personnel tortiously interfered with the performance of Harry's contractual obligations. ECF No. 648 at 4-7; ECF No. 673 at 3-4. In making this argument, however, Batesville does not appear to challenge the *admissibility* of the evidence relied upon by the court as a basis for denying Batesville's motion for summary judgment. Instead, Batesville simply characterizes that evidence as speculative or conjectural. *Id.* Inferences based solely on speculation or conjecture do not create genuine issues of material fact for trial. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). It is also true that the only inferences relevant to the inquiry are those flowing directly from admissible evidence. *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014). Nonetheless, "cases relying strongly on circumstantial evidence often force the trial court to ride the thin line between speculation and reasonable inferences." *Fragale & Sons Beverage Co. v. Dill*, 760 F.2d 469, 474 (3d Cir. 1985). For the reasons discussed in the earlier opinion, the record contains evidence permitting a trier of fact to *reasonably* infer that Batesville interfered with Harry's performance of his contractual obligations. ECF No. 642 at 31-35. The position taken by Batesville at the present time relates more to the *weight* of the relevant evidence than it does to the *admissibility*

---

[3] Batesville incorrectly asserts that the court did not address Pesce's "unhappiness" with her prior position. ECF No. 673 at 1. Because her "happiness" was not an element of plaintiffs' cause of action, the court had no particular reason to focus on it. In any event, the court adequately discussed the evidence concerning Pesce's state of mind to the extent that it was relevant to the disputed factual issues. ECF No. 642 at 21-23.

of that evidence. *Primrose Operating Co. v. Nat'l American Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

The final argument made by Batesville concerns the alleged lack of damages suffered by plaintiffs as a result of the possible contractual breaches of Scott and Harry. ECF No. 648 at 7-10; ECF No. 673 at 4-5. In the prior opinion, the court acknowledged that several funeral home directors had submitted declarations stating that their decisions to purchase products from Batesville (rather than from the plaintiffs) had been attributable to factors other than actions taken by Scott, Harry, Pesce and Joseph Redmond ("Redmond"). ECF No. 642 at 26. Batesville essentially argues that since plaintiffs never deposed those funeral home directors during the course of discovery, the declarations remain uncontradicted. ECF No. 648 at 7-10; ECF No. 673 at 4-5. The evidentiary record, however, cannot be viewed solely through the prism of a few declarations. The documentary record contains uncontradicted evidence that Batesville's sales to several Matthews customers increased dramatically between July 1, 2010, and June 30, 2011. BCC1_0059068. Redmond testified that Scott, Pesce, and he had been "instrumental" in convincing some customers to purchase products from Batesville rather than from plaintiffs. ECF No. 518-26 at 18. Furthermore, the court's decision denying Batesville's motion for summary judgment was not based solely on the possibility that plaintiffs had *lost customers* as a result of the alleged breaches. In the breach-of-contract context, "the amount of actual damages" may include "any loss flowing from the breach." *Leasing Serv. Corp. v. Justice*, 673 F.2d 70, 73 (2d Cir. 1982). Thomas Pontone testified that plaintiffs had been forced to offer some customers higher discounts and better rebates in order to *retain* their business. ECF No. 518-28 at 15.

6

Even if the declarations submitted by the funeral home directors were to be taken at face value,[4] the evidence relating to other "losses" allegedly suffered by plaintiffs would preclude the entry of summary judgment in Batesville's favor. *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir. 1977)(explaining that "when the existence of damage is certain, and the only uncertainty is as to its amount, the plaintiff will not be denied a recovery of substantial damages").[5]

IV. **Conclusion**

For the foregoing reasons, Batesville's motion for reconsideration (*ECF No. 647*) will be denied in all respects. The accompanying motion for oral argument will also be denied. Considerable amounts of time and resources have already been devoted to the parties' motions

---

[4] Batesville's "Capri tactical plan" was evidently designed to capitalize on information provided by Scott, Pesce and Redmond about the "buying habits" of plaintiffs' customers. BCC1_0050399. Thomas Pontone testified that Batesville had offered funeral home directors discounts that were slightly higher than those previously offered by plaintiffs, leading him to believe that confidential information had been disclosed to Batesville's sales representatives. ECF No. 518-28 at 11-12. Consequently, the existing record could support a finding that some customers' buying decisions may have been influenced by the defections of Scott, Pesce and Redmond, who were knowledgeable about the pricing practices of plaintiffs. ECF No. 642 at 26.

[5] Batesville asserted in its reply brief (ECF No. 673 at 5) that summary judgment is mandated because plaintiffs did not adduce testimony from the customers who did less business with the plaintiffs. The two decisions relied upon, however, are not directly on point. In *Keehan v. Keehan*, No 96 Civ. 2481, 1997 WL 317023, at *4 (S.D.N.Y. June 10, 1997), the district court did not grant the summary motion and directed further discovery to proceed. The court addressed the affidavits presented by the movant in a footnote and noted that "plaintiffs mainly" relied on inconsistencies in the affidavits to present a credibility issue, which alone was insufficient because there was no other affirmative evidence. In *Stewart v. American's Servicing Co.*, 409 F. App'x 595 (3d Cir. 2001), the plaintiffs had argued summary judgment should not be granted because an affidavit submitted on behalf of the defendant was not based on personal knowledge. The court of appeals determined that the affiant had personal knowledge about the facts asserted. The court of appeals concluded that there was no error by the district court in granting summary judgment because plaintiffs "did not produce <u>any</u> evidence rebutting the affirmations in [the] affidavit." *Stewart*, 409 F. App'x at 598 (emphasis added). Here, unlike *Keehan* and *Stewart,* the circumstantial evidence, which was discussed in the March 6, 2014 opinion, is sufficient to create a triable issue.

7

for summary judgment. Several claims were dismissed. ECF No. 642 at 81; ECF No. 643 at 1-2. The remaining claims must be presented to the trier of fact.

By the court:

Dated: October 1, 2014
/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge